# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKOLAOS TELEMACHOS MORFESSIS, in his own right and as personal representative of the estate of Nikole Cynthia Morfessis and <br><br> KATHLEEN JANE STINE <br><br> Plaintiffs, <br><br> v. <br><br> ALRO STEEL CORPORATION, *et al.*, <br><br> Defendants. | Civil No. 1:24-CV-00407 <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are two motions filed by Defendants Alro Steel Corporation ("Alro Steel"), Nicholas Daniel Colon ("Colon"), and Ryder Integrated Logistics, Inc. ("Ryder") (collectively, "Defendants"). Defendants have filed a motion to transfer for forum non-conviens, arguing that it would be more convenient for this case to be litigated in the District of Maryland, Doc. 30, and a motion to dismiss, arguing Plaintiffs do not have standing to bring the wrongful death and survival claims, as well as arguing that Maryland law properly applies to this action. (Doc. 32.) For the reasons that follow, the motion to transfer will be denied and the motion to dismiss will be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves the tragic death of 15-year-old Nikole Morfessis ("Nikole") after she was struck by a tractor trailer in Frederick, Maryland. (Doc. 10, ¶ 4.) On April 22, 2022, Nikole was walking along the shoulder of northbound Route 194 when she was struck by a tractor trailer, operated by Defendant Colon, as she was attempting to cross Route 194. (*Id*. ¶¶ 20, 50–52.) Colon was employed by Defendant Ryder, a contractor who provided drivers and vehicles to Defendant Alro Steel Corporation. (*Id*. ¶¶ 8, 9, 15.) On April 22, 2022, Colon was "haul[ing] Alro's products from York, PA to Alro's customer in Westminster, Maryland." (*Id*. ¶¶ 18, 20.) Colon drove through three different school zones and did not reduce his speed or "increase his caution or take any action to prepare for a child pedestrian entering Colon's lane of traffic[.]" (*Id*. ¶¶ 25, 31–37.) Colon could not evade Nikole attempting to cross Route 194 because there was another vehicle occupying the left turning lane. (*Id*. ¶ 43.) As a result of this accident, "Nikole suffered severe, grievous and fatal bodily injuries." (*Id*. ¶ 55.)

Plaintiffs Nikolaos Morfessis and Kathleen Jane Stine are Nikole's natural parents, and both are residents of Maryland. (*Id*. ¶¶ 1, 2.) Nikolaos was issued letters of administration in Frederick County, Maryland on May 12, 2022. (*Id*. ¶ 5; Doc. 10-1.) Defendant Alro steel corporation is incorporated in Michigan, with a principal place of business in Michigan; however, Alro operates a steel facility in

York County, Pennsylvania.  (Doc. 10, ¶¶ 6, 7.)  Defendant Ryder Logistics is incorporated in Delaware with a principal place of business in Florida.  (*Id.* ¶ 8.)  Defendant Nicholas Colon is a resident of York County, Pennsylvania.  (*Id.* ¶ 10.)  Colon possessed a Pennsylvania commercial driver's license.  (*Id.* ¶ 11.)

Plaintiffs filed their original complaint in York County, Pennsylvania, which Defendants removed to this court on March 7, 2024.  (Doc. 1.)  Plaintiffs filed an amended complaint, adding Defendant Ryder, on April 15, 2024.  (Doc. 10.)  Defendants filed the instant motions to transfer and dismiss on August 7, 2024.  (Docs. 30, 32.)  Plaintiffs filed briefs in opposition on September 16, 2024.  (Docs. 37, 38.)  On October 21, 2024, Plaintiffs filed a supplement to their brief in opposition, evidencing that Plaintiffs had been granted ancillary letters of administration by the Register for the Probate of Wills and Granting of Letters of Administration in York County, Pennsylvania.  (Doc. 41.)  Thus, the motions are ripe for review.

## JURISDICTION AND VENUE

This is a diversity action, and the court has subject matter jurisdiction under 28 U.S.C. § 1332 because all plaintiffs are diverse from all defendants and the

amount in controversy exceeds $75,000.[1]  Venue is proper in this court under 28 U.S.C § 1441(a).[2]

## STANDARD OF REVIEW

**A. Motion to Transfer**

Under 28 U.S.C. § 1404(a), a court may transfer venue to any other district court where the civil action might have been brought if it serves the interests of justice and the convenience of the parties.  "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  Although the district court is given the ultimate discretion in transferring venue, the exercise of this discretion should not be liberal.  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citing *Handlos v. Litton Indus., Inc.*, 304 F. Supp. 347, 352 (E.D. Wis. 1969)).

Once the propriety of the proposed venue is determined, the court must then balance a variety of public and private interests, either weighing for or against transfer.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *High*

---

[1] Plaintiffs are citizens of Maryland, Alro is incorporated in Michigan with a principal place of business in Michigan, Ryder is incorporated in Delaware with a principal place of business in Florida, and Colon is a citizen of Pennsylvania.

[2] At the time this action was removed from the York County Court of Common Pleas, Defendant Colon not had yet been served.  28 U.S.C. § 1441(b)(2).

4

*River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp 2d 487, 492 (M.D. Pa. 2005). The Third Circuit Court of Appeals has identified the most commonly considered private and public interest factors when deciding a motion to transfer venue. *See Jumara*, 55 F.3d at 879. For private interest factors, the court should consider: (1) plaintiff's original choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties— indicated by their relative physical and financial condition; (5) the convenience of the witnesses—to the extent that the they may actually be unavailable for trial in either fora; and (6) the location of books and records—to the extent they cannot be produced in the proposed forum. *Id.* (internal citations omitted). In considering the public interest factors, courts contemplate: (1) the enforceability of the judgement; (2) practical considerations that could make the trial easy, expeditious, and inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with applicable state law in diversity cases. *Id*. at 879–80.

When weighing these public and private interests, the burden is on the movant to persuade the court that transfer is appropriate. *Shutte*, 431 F.2d at 25. "[U]nless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Id*. (quoting *Owatonna*

*Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1307 (D. Minn. 1969)) (emphasis supplied). Thus, a court should not transfer venue "if the net result would be merely a shift of inconvenience from the defendant to the plaintiff." *Bolles v. K Mart Corp.*, No. 01-CV-1118, 2001 WL 767605, at * 3 (E.D. Pa. July 9, 2001) (citing *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 112 (D. Del. 1992)).

### B. Motion to Dismiss

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

The court will first address the motion to transfer and then turn to the motion to dismiss.

### A. Motion to Transfer

In support of their motion to transfer, Defendants first argue that venue is proper in the District of Maryland under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Frederick Maryland, which is situated in the District of Maryland. (Doc. 33, pp. 6, 7.)³ Defendants then discuss the private and public interest factors and conclude that the District of Maryland is the most convenient forum. (*Id.* at 8–15.) Regarding the private interest factors, Defendants initially note that the claim arose in Maryland and Plaintiffs reside in Maryland. (*Id.* at 8.l) Defendants argue that, although a plaintiff's forum choice "is ordinarily a 'paramount consideration,' federal courts in Pennsylvania routinely hold that deference to the plaintiff's choice of forum is given less weight when the chosen forum is not the plaintiff's residence or where the cause of action arose." (*Id.* at 8, 9) (citing *High River P'ship.*, 353 F.Supp.2d at 498–99). Defendants argue that it is more convenient for responding

---

³ For ease of reference, the court uses the page numbers contained in the CM/ECF header.

law enforcement officers to testify in the District of Maryland.  (*Id.* at 9–11; *see also* Docs. 33-3–33-8 comparing distances from each officers' barracks to the District Courthouse for the Middle District of Pennsylvania versus the District Courthouse for the District of Maryland.)  Finally on the private interest factors, Defendants argue that it is more convenient for the witnesses of the accident to appear in the District of Maryland.  (Doc. 33, p. 11) (*see also* Docs. 33-9–33-11 comparing distances from respective witnesses' location to respective courthouses.)

    Defendants next to turn to the public interest factors and again conclude that the factors weigh in favor of a transfer to the District of Maryland.  First, Defendants argue that "Maryland has an interest in having controversies of this type decided in Maryland" and that, "[a]s such, jury duty would be less of a burden on Maryland residents" because Maryland residents have a connection to the litigation.  (Doc. 33, p. 12.)  Defendants also argue that, in accordance with their motion to dismiss, Maryland law applies to this action and that "a federal judge sitting in Maryland more often has occasion to apply Maryland statutory law, than one sitting in Pennsylvania."  (*Id.* at 13.)  Because these two factors weigh in favor of transfer to the District of Maryland, Defendants conclude the balance of all the factors weigh in favor of transfer.

Plaintiffs do not dispute that venue is also proper in the District of Maryland. Rather, Plaintiffs focus their argument on the convenience factors. Turning first to the private factors, Plaintiffs argue that the difference between the distances that potential witnesses would have to travel are only marginal and irrelevant because all witnesses and records are available within the 100-mile radius subpoena power of the court. (Doc. 37, p. 3). Plaintiffs also note that "a plaintiff's choice of forum ranks high in deciding whether to transfer a case" and that such a choice is "not a choice that can be lightly disturbed." (*Id.*) (citing *Schutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

Plaintiffs next discuss the interests of Maryland and Pennsylvania in applying their own respective law to this action and conclude that Pennsylvania has a greater interest because "[a]pplying Pennsylvania tort law to the actions of Pennsylvania licensed commercial drivers operating out of businesses situated in Pennsylvania will further Pennsylvania's interests in protecting its own citizens who travel, by foot or vehicle, on its own roads." (*Id.* at 4.) Regarding a judge's familiarity with the applicable law, Plaintiffs argue that "the rules of the road are very similar from state to state and a judge in the Middle District of Pennsylvania is fully capable of applying them." (*Id.* at 5.) Finally, Plaintiffs counter Defendants' argument that Maryland citizens have a greater interest in deciding this case because "Pennsylvania citizens have a vital interest in the case because

they are more likely to be injured by avoidable negligence if Pennsylvania fails to enforce its civil tort laws against a negligent licensed commercial driver who is employed by businesses situated in Pennsylvania." (*Id.* at 6.)

The parties do not dispute, and the court agrees, that venue would be proper in the District of Maryland under 28 U.S.C. § 1391 because a substantial part of the acts giving rise to the claims occurred in the District of Maryland. Thus, the court will weigh the private and public interest factors to determine if the balance of the factors weighs strongly in favor of defendant's choice of forum. *Shutte*, 431 F.2d at 25.

The balance of the private factors is slightly in favor of transfer. On the side of remaining in the Middle District of Pennsylvania there is the first factor: plaintiff's choice of forum. This factor is afforded some weight, but not "paramount weight," because Plaintiff is not a resident of the Middle District of Pennsylvania and the event giving rise to the claim did not occur here. *High River Ltd.*, 353 F. Supp. 2d at 498–99.

Neutral factors include the convenience of the parties, the convenience of the private witnesses, and the location of the books and records. Starting with the convenience of the parties, the Middle District of Pennsylvania is most convenient to Defendant Colon, and neither venue is more or less convenient to the remaining out of state Defendants. For Plaintiff Nikolaos, the District of Maryland is 20

minutes closer than MDPA. For Plaintiff Stein, the distance between the two is virtually the same. Thus, the convenience of the parties factor is neutral. The convenience of the private witnesses is also neutral. It would be about fifteen to twenty minutes more convenient for two of the witnesses to transfer to the District of Maryland, and actually more convenient for one of the witnesses to not transfer. (*See* Docs. 33-9, 33-10, 33-11.) Finally, the location of the books and records is neutral because all witnesses and their potential records are within the subpoena power of the Middle District. FED. R. CIV. P. 45(c)(1)(A).

    Weighing on the side of transfer is Defendants' preference, where the claim arose, and the convenience of the Trooper witnesses. The Defendants' preference is the District of Maryland, and the claim arose in the District of Maryland because that is where the accident took place. As shown by Defendants' exhibits, it would be slightly more convenient for the Trooper witnesses to transfer to District of Maryland. For some of the Troopers, it would be about one hour more convenient. (*See* Docs. 33-5, 33-6, 33-8.) For others, it would be twenty to forty minutes more convenient. (*See* Docs. 33-3, 33-7.) For one Trooper, it would be only ten minutes more convenient. (Doc. 33-4.) Because the difference varies and the maximum difference is only about one hour, this factor is afforded only slight weight.

    In conclusion, the balance of the factors is slightly in favor of transfer, with most of the factors neutral.

The balance of the public interest factors is neutral. The following factors are neutral because neither party made any argument regarding them: enforceability of the judgment and the administrative difficulty resulting from court congestion. The practical considerations are also neutral because, as discussed above, the convenience of all the witnesses and the parties is nearly equal between the two Districts. Both Pennsylvania and Maryland have interests in deciding these controversies at home: Maryland has an interest in redressing wrongs against its own citizens and Pennsylvania has an interest in redressing wrongs committed by its citizens. Finally, the familiarity of the judge with the applicable state law, whether Maryland or Pennsylvania, is also neutral because "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013). Thus, the public interest factors are all neutral.

After consideration of all the factors, the balance is tipped only slightly in favor of transfer to Maryland. In a motion to transfer, the moving party, here Defendants, have a burden to show that "the balance of convenience of the parties is strongly in favor of defendant[.]" *Shutte*, 431 F.2d at 25. Here, the net result is merely a shift of inconvenience from Defendants to Plaintiffs, and this is insufficient to justify a transfer. *See Windt v. Qwest Commc'ns Intern., Inc.*, 529 F.3d 183, 189 (3d Cir. 2008) ("When an alternative forum has jurisdiction to hear

12

the case, and when trial in the plaintiff's chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, . . . the court may, in the exercise of its sound discretion, dismiss the case.") (cleaned up)  Therefore, the motion to transfer venue will be denied.

### B. Motion to Dismiss

Defendants advance two arguments in favor of dismissal: that Plaintiffs lack standing to bring their Pennsylvania law claims and the law applicable to this case is Maryland law.  The court will address each argument in turn.

#### 1. Standing

Defendants argue that the amended complaint should be dismissed because Plaintiffs "lack standing" to bring Pennsylvania wrongful death and survival claims.  (Doc. 34, p. 5.)  Defendants argue that Pennsylvania law requires that the claim "arise" under the laws of Pennsylvania and that the decedent's personal representative is the appropriate person to bring the action.  According to Defendants, this claim did not arise under the laws of Pennsylvania because it occurred in Maryland and, at the time the brief in opposition was filed, the letters of administration for Nikole's estate were issued by the register of wills in Frederick County, Maryland, not by a register of wills in Pennsylvania.  (*Id.* at 5, 6.)

13

Plaintiffs respond that "Plaintiff Nikolaos Morfessis is soon to be duly qualified to bring actions within the Commonwealth of Pennsylvania." (Doc. 38, p. 2.) Plaintiffs then explain administrative troubles they faced in opening an ancillary estate in York County, and the steps they have taken to open the ancillary estate. (*Id.* at 3.) Additionally, on October 21, 2024, Plaintiffs filed a supplement to their brief in opposition showing that the register of wills in York County had granted Plaintiffs ancillary letters of administration. (Doc. 41.)

Defendants did not file a reply brief or address the issue of whether Plaintiffs' receiving letters of administration in Pennsylvania after the filing of this lawsuit bars them from bringing the suit. Accordingly, the court will not grant the motion to dismiss on this basis, as Plaintiffs now are the personal representatives of Nikole's estate, and thus, the proper parties to bring a wrongful death and survival action.

### 2. Choice of Law

Finally, the court turns to the choice of law issue. Defendants first argue that there are multiple true conflicts between the laws of Maryland and Pennsylvania including: Maryland would apply a contributory negligence standard while Pennsylvania would apply a comparative negligence standard; survival action damages in Maryland are measured up to the decedent's death and survival action damages in Pennsylvania are measured up until a decedent's natural life

14

expectancy; wrongful death damages to a parent in Maryland are limited to the period of the decedent's minority and wrongful death damages in Pennsylvania are measured up to the decedent's natural life expectancy, and Maryland has a statutory cap on non-economic damages while Pennsylvania does not. (Doc. 34, pp. 6–11.) Defendants also argue that Maryland has a more significant connection because the accident took place in Maryland and Plaintiffs and decedent are citizens of Maryland. (*Id.* at 12.)

Plaintiffs do not contest that there is a true conflict between the laws of Maryland and Pennsylvania. (Doc. 38, pp. 4, 5.) Plaintiffs rather argue that Pennsylvania has a greater interest in applying its laws. First, Plaintiffs argue that "[a]pplying Maryland law conflicts with Pennsylvania's important interest 'in providing redress for wrongs committed by or against its citizens.'" (Doc. 38, pp. 5, 6.) (quoting *Marks v. Redner's Warehouse Markets*, 136 A.3d 984, 980 (Pa. Super. 2016.) Plaintiffs also argue that "Pennsylvania has an interest in enforcing its laws against a Pennsylvania licensed commercial driver and his employers for the protection of all child pedestrians, inside or outside of school zones." (*Id.* at 6.) Regarding damages, Plaintiffs argue that Pennsylvania's interests are advanced by applying Pennsylvania's more plaintiff friendly law and that Maryland's interest is not harmed in this case where Maryland citizens would be recovering more damages than they would if the case were tried in Maryland. (*Id.* at 6, 7.)

15

The court will apply Pennsylvania choice of law rules because Pennsylvania is the forum state. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d Cir. 2007). In Pennsylvania, the first step in a choice of law analysis is determining whether there is an "actual or real conflict between the potentially applicable laws." *Id.* at 230. If there is an actual conflict, then the court must determine whether the differences create a "true," "false," or an "unprovided for" conflict. *Id.* If there is a true conflict, "the court must determine which state has the 'greater interest in the application of its law.'" *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 229 (3d Cir. 2007).

Here, the parties do not dispute, and the court agrees, that there is a true conflict between the laws of Pennsylvania and Maryland, as outlined by Defendants. Thus, the next step is to determine which state has the greater interest in applying its own law.

Determining which state has a more significant interest begins with analyzing the factors provided by the Restatement (Second) of Conflict of Laws § 145. *Carrick v. Zurich-American Ins. Grp.*, 14 F.3d 907, 909 (3d Cir. 1994). These factors are the place where the injury occurred; the place where the conduct causing the injury occurred; the domicil, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) OF

CONFLICT OF LAWS § 145.  Additionally, while the court no longer applies the *lex loci delecti* rule, the location of a plaintiff's injury is still important, especially "where the place where the injury occurred was not fortuitous, as for example, in an airplane crash, the place of injury assumes much greater importance, and in some instances may be determinative."  *Shields v. Consol. Rail Corp.*, 810 F.2d 397, 401 (3d Cir. 1987) (internal quotation marks and citation omitted).  The analysis of the contacts and interests of each state are qualitative, rather than quantitative.  *Shuder v. McDonald's Corp.*, 859 F.2d 266, 271-72 (3d Cir. 1988).

     Here, the Restatement factors strongly point in favor of applying Maryland law because that is where the accident occurred, that is where Plaintiffs are located, and that is where the relationship between the parties is centered.  While Pennsylvania does have an interest in regulating the driving conduct of its commercially licensed drivers, Maryland has a much greater interest in applying its own law in this case because the accident happened on Maryland roads and lead to the death of a Maryland citizen.  Maryland also has an interest in enforcing safe driving on its roads.  Applying Maryland law would not put the Pennsylvania Defendant in a worse position because under Maryland law, Defendants will likely pay less damages.  Thus, the court concludes that Maryland has a more significant interest, and the court will apply Maryland law to this case.

While the parties have characterized this as choice of law issue, the court notes that Plaintiffs have only brought claims under Pennsylvania statutes. Therefore, the court will dismiss the amended complaint to allow Plaintiffs to bring claims under Maryland law.

## CONCLUSION

The motion to transfer for *forum non conveniens* is denied. The motion to dismiss is granted. An Order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: November 7, 2024