IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKOLAOS TELEMACHOS MORFESSIS, in his own right and as personal representative of the estate of Nikole Cynthia Morfessis, and KATHLEEN JANE STINE | Civil No. 1:24-CV-00407 |
| Plaintiffs, | |
| v. | |
| ALRO STEEL CORPORATION, *et al.*, | |
| Defendants. | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is a motion to dismiss for failure to state a claim filed by Defendants Ryder Integrated Logistics, Inc., Alro Steel Corporation, and Michael Daniel Colon (collectively "Defendants"). (Doc. 45.) Defendants argue that the second amended complaint filed by Plaintiffs Nikolaos Telemachos Morfessis and Kathleen Jane Stine (collectively, "Plaintiffs") should be dismissed because it improperly alleges a heightened standard of care which is inconsistent with Maryland law and Defendant Colon is not liable as a matter of law. (Doc. 46.) For the reasons that follow, the motion to dismiss will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves the death of fifteen-year-old Nikole Morfessis after she was struck by a tractor trailer in Frederick, Maryland. (Doc. 44, ¶ 4.) Plaintiffs Nikolaos Telemachos Morfessis and Kathleen Jane Stein are the natural parents of

1

Nikole. (*Id.* ¶ 2.) On April 22, 2022, Nikole was walking along the shoulder of northbound Route 194 when she was struck by a tractor trailer, operated by Defendant Colon, as she was attempting to cross Route 194. (*Id.* ¶¶ 4, 38, 42.) Defendant Colon was employed by Defendant Ryder, a contractor who provided drivers and vehicles to Defendant Alro Steel Corporation. (*Id.* ¶¶ 8, 9, 16.) On April 22, 2022, Colon was "haul[ing] Alro's products from York, PA to Alro's customer in Westminster, Maryland." (*Id.* ¶¶ 19, 21.)

Route 194 "is a two-lane undivided highway except where additional lanes are provided for vehicles to turn onto intersecting roads[.]" (*Id.* ¶ 23.) The speed limit is fifty miles per hour. (*Id.* ¶ 22.) There is no sidewalk alongside Route 194, but there is a bicycle lane. (*Id.* ¶ 24.) There are three "bright yellow/florescent green school zone signs" along northbound Route 194, because there are two public school on the west side of the road. (*Id.* ¶¶ 25, 27.) Directly across from the two schools, there is "a residential community of single-family homes." (*Id.* ¶ 28.) At the time of the collision, "[a] pick-up truck hauling a landscaping trailer . . . was stopped in the left-turn lane of Northbound Route 194 dedicated to vehicles attempting to turn west on West Frederick Street." (*Id.* ¶ 37.)

From the shoulder, "Nikole entered the northbound lane of Route 194 just past the stopping point for the [pick-up truck] in the left turn lane for West Frederick Street[,]" and was "approximately four feet inside the northbound lane of

2

Route 194 when she was fatally stuck by [defendant's truck] within the posted school zone." (*Id.* ¶ 43.)  At the time, Colon's truck was travelling at "approximately 45 miles per hour[,]" and he drove past all three school zone warning signs "without reducing the speed of the truck." (*Id.* ¶ 45.)  Plaintiffs allege that their "allegations refer to *meaningful* changes in speed that would have satisfied Colon's heightened duty of care while driving through a posted school zone." (*Id.* ¶¶ 45, n.6; 4,6 n.7)(emphasis in original).  Plaintiffs further allege that Colon "did not increase his caution or take any action to prepare for a child pedestrian" despite driving past three school zone warning signs, seeing the elementary and high school buildings, residential community, or child walking on the shoulder next to his traffic lane, as well as seeing Nikole look across his path of traffic. (*Id.* ¶¶ 47–52.)  Plaintiffs also acknowledge that "Colon did not have a clear and safe means to evade Nikole if she attempted to cross his path because the turning vehicle precluded Colon from moving the truck to the left to avoid Nikole." (*Id.* ¶ 53.)  Further, Plaintiffs allege "Colon drove the truck towards the turning truck and Nikole with only one hand on the steering wheel and near the maximum speed limit . . ." despite three school zone warning signs, seeing Nikole walking on the shoulder with her back turned to him and then looking across his lane of traffic, as well as the presence of a vehicle in the turning lane which prevented Colon from diverting his path to avoid Nikole.  (*Id.* ¶ 55.)

Plaintiffs allege that Colon "had a duty to drive the truck in a safe, reasonable and prudent manner consistent with posted cautionary warnings, vehicular traffic, and the presence of a child pedestrian (Nikole) as he drove the truck on the public roads[.]" (*Id.* ¶ 57.) In order to fulfill this duty, Plaintiffs allege, Colon was required to slow the truck after seeing the school zone warnings, two adjacent schools, residential neighborhood, child pedestrian walking next to traffic and looking across the path of traffic and seeing a vehicle blocking any ability to avoid Nikole. (*Id.* ¶ 58(1)–(4).) Further, Plaintiffs allege Colon was required to sound his horn, flash his lights, or both, pay full attention while driving, and otherwise use due care in the operation of the truck. (*Id.* ¶ 58 (5)–(7).) Plaintiffs allege that Nikole's injuries, death, extreme fright, fear, and pain were proximately caused by Colon's negligent acts. (*Id.* ¶¶ 59–63.)

Count 1 alleges a wrongful death action under Md. Code, Courts Art. § 3-904. (*Id.* ¶ 65.) Count 2 alleges a survival action pursuant to Md. Code, Courts Art. § 6-401. (*Id.* ¶ 72.)

Plaintiffs filed their original complaint in York County, Pennsylvania, which Defendants removed to this court on March 7, 2024. (Doc. 1.) Plaintiffs filed a second amended complaint, adding Defendant Ryder, on April 15, 2024. (Doc. 10.) Defendants filed a motion to transfer for forum *non-conveniens* on August 2, 2024. (Doc. 30.) Defendants also filed a motion to dismiss the original complaint

4

arguing Plaintiffs lacked standing to bring the case and that Maryland law applied to the instant action and should be tried in Maryland. (Doc. 32.) After both motions were fully briefed, on November 7, 2024, the court denied the motion to transfer and denied in part and granted in part the motion to dismiss. (Doc. 43.) Specifically, the court decided that Maryland law applied to this action and gave Plaintiffs leave to amend their complaint to plead causes of action under Maryland law. (Doc. 42.) Plaintiffs did so on November 20, 2024. (Doc. 44.)

On December 11, 2024, Defendants filed the instant motion to dismiss. (Doc. 45.) Defendants filed their brief in support on December 26, 2024. (Doc. 46.) Plaintiffs filed their brief in opposition on January 16, 2025. (Doc. 49.) Defendants did not file a reply brief. Thus, the motion to dismiss is ripe and ready for disposition.

## JURISDICTION AND VENUE

This is a diversity action, and the court has subject matter jurisdiction under 28 U.S.C. § 1332 because all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.[1] Venue is proper in this court under 28 U.S.C § 1441(a).[2]

---

[1] Plaintiffs are citizens of Maryland, Alro is incorporated in Michigan with a principal place of business in Michigan, Ryder is incorporated in Delaware with a principal place of business in Florida, and Colon is a citizen of Pennsylvania.

[2] At the time this action was removed from the York County Court of Common Pleas, Defendant Colon not had yet been served. 28 U.S.C. § 1441(b)(2).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Defendants make two arguments in support of their motion to dismiss. First, Defendants argue Colon did not owe a "heightened" duty of care to Nikole Morfessis. (Doc. 46, p. 7.)[3] Second, Defendants argue that Colon is not liable

---

[3] For ease of reference, the court uses the page numbers contained in the CM/ECF header.

under Maryland law's "dart-out" line of cases which holds that defendants are not liable for injuries caused by an automobile accident when a child "darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of ordinary care he is unable to avoid running into the child[.]" (*Id.* at 10)(citing *Cocco v. Lissau*, 202 Md. 196, 202 (1953)). The court will address each argument in turn.

### A. Whether Colon Owed a "Heightened" Duty of Care

Defendants first argue that Plaintiffs have alleged that Colon owes a heightened duty of care, despite Maryland law only requiring a "heightened" duty of care from common carriers. (*Id.* at 8.) Defendants argue Colon only owed an "ordinary" duty of care and asks the court to either "dismiss the Second Amended Complaint or strike the reference to 'heightened' duty of care, because it is a misstatement of the applicable duty under Maryland law." (*Id.* at 9.)

In response, Plaintiffs outline in detail the evolution of Maryland law regarding a driver's duty of care with respect to pedestrians and, specifically, child pedestrians. (Doc. 49, pp. 6–16.) Plaintiffs begin with the Maryland common law principle that "motorists and pedestrians owe[ ] an equal, reciprocal duty of care to each other except to the extent that a statute allocated the right of way under a particular circumstance." (*Id.* at 6.)(citing *Universal Credit Co. v. Merryman*, 195 A. 689 (Md. 1937)). However, Maryland common law also "imposed on motorists

a greater duty of care for the safety of child pedestrians because they do not have the same ability as adults to protect themselves from injury." (*Id.*)(citing *Abbott v. Railway Express Agency*, 108 F.2d 671, 672 (1940)). Plaintiffs note that "Maryland appellate decisions are replete with declarations that motorists owe a *greater* duty of care when they traverse an area where children may enter the road." (*Id.* at 7)(citing *Heffner v. Admiral Taxi Svc.*, 77 A.2d 127, 470–1 (Md. 1950); *Alina v. Raschka*, 225 A.2d 76, 78–79 (Md. 1969); *Dorough v. Lochman*, 167 A.2d 129, 131 (Md. 1961); *Faulkner v. Cummings*, 261 A.2d 468, 556 (Md. 1070)). Plaintiffs explain that the rationale for these decisions is "based on [the] judicial recognition that children do not exercise the same degree of care for their personal safety as an adult because children are impulsive, lack experience with vehicles, and lack knowledge of the rules of the road." (*Id.* at 8)(citing *Miller v. Graff*, 78 A.2d 220, 222–24 (Md. 1951); *State for Use of Taylor v. Barlly*, 140 A.2d 173, 176–77 (Md. 1958)).

Plaintiffs also track the evolution of Maryland statutory law, which was amended in 1977 to require drivers to "sound his horn to warn a pedestrian who is near, but not within, the lanes of vehicle travel, such as the shoulder of the road, in order to prevent the pedestrian from entering the motorist's path." (*Id.* at 11.)(citing MD. CODE, Transp. § 21-504(b)). Based on § 21-504, Plaintiffs argue that Colon was under a duty to take precautions and "a duty to take **affirmative**

**action** *for the safety of a* **child** *pedestrian*." (*Id.* at 12)(emphasis in original). In sum, Plaintiffs argue "Maryland's statutory regulations comprising TR [transportation article] § 21-504 supplant Maryland's common law approach of treating pedestrians as having an equal responsibility to avoid vehicle-pedestrian collisions." (*Id.* at 13.) As such, Plaintiffs argue that the duty of care they have pleaded in their second amended complaint is consistent with Maryland law.

In addition to the thorough discussion of case law provided by Plaintiffs, the court notes, generally, under Maryland law, "[i]n the absence of statutory regulation, the right of motorists and pedestrians on public highways are reciprocal." *Heffner v. Admiral Taxi Svc.*, 77 A.2d 127, 129 (Md. 1950). Further, "[i]t is the duty of the pedestrian to use reasonable care in walking on a street, and to act as an ordinarily careful person would act under similar circumstances." *Id.* However, "the driver of a motor vehicle is required to exercise much greater vigilance and caution to look out for the pedestrian than the pedestrian is required to exercise to look out for the driver." *Id.*

Additionally, "while ordinary care is required of the driver of a motor vehicle, the vigilance must vary according to the danger naturally anticipated from the operation of the vehicle." *Id.* In furtherance of this principle, a driver "must exercise greater caution to avoid harming a child." *Brantner v. Watkins*, 177 A.2d 873, 876 (Md. 1962). There are two scenarios in which the generality that a driver

9

must exercise greater caution around children gives way.  First, is the situation "where the child is in a place of imminent or potential danger and a driver is operating at an excessive speed or violating other rules of the road[.]"  *Id.*  In this scenario, a driver "cannot escape liability by saying that the child ran in front of the car so suddenly that the accident was unavoidable.  *Lenehan v. Nicholson*, 135 A.2d 447, 419 (Md. 1957).  The second scenario is the reverse, such that a driver will not be liable "[i]f a child darts out in front of an approaching automobile when the driver is going at a reasonable rate of speed and obeying the rules of the road, so that even with the exercise of due diligence he is unable to avoid running into the child[.]"  *Id.*

   Here, the court does not view Plaintiffs' allegations as placing a "heightened" duty on Colon, rather Plaintiffs are alleging what they believe is the appropriate care that a reasonable person should have undertaken in the circumstances presented to Colon.  Plaintiffs, thus, have alleged that Colon violated the duty provided by Maryland statutes which provide that drivers are under certain duties when there are pedestrians, such as "exercis[ing] due care to avoid colliding with any pedestrian[;] warn[ing] any pedestrian by sounding the horn of the vehicle[;] [as well as] exercis[ing] proper precaution on observing any child or any obviously confused or incapacitated individual."  MD. CODE, Transp. § 21-504.  Therefore, the second amended complaint will not be dismissed for

pleading a "heightened" duty of care. Rather, Plaintiffs have pleaded the circumstances of this particular incident, and what they contend Defendants' duty is under those circumstances.[4] Therefore, the motion to dismiss will be denied on this basis.

### B. Whether Colon is Liable Under the "Dart-Out" Line of Cases

Defendants also argue that Colon is not liable because this is a "dart-out" case, and "Colon did not breach any duty of ordinary care to Nikole Morfessis." (*Id.* at 10–11). Defendants rely on *Cocco v. Lissau*, 95 A.2d 857 (Md. 1953) and *Lenehan v. Nicholson*, 135 A.2d 447 (Md. 1957) for the principle that:

> if a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of ordinary care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain.

*Cocco*, 95 A.2d at 860. In *Cocco*, the Supreme Court of Maryland held that the driver was not liable when a child "ran or walked blindly into the path of the automobile when it was so near that the only possible inference is that, although defendant was driving in the center of the road, the accident could not have been avoided by him, even if he had seen the child." *Id.* Similarly, in *Lenehan*, a driver was held not liable for injuries to a boy who ran into the middle of the road

---

[4] To the extent that Plaintiffs suggest the court may certify the question of the impact of "§21-504(c) on the standard of care imposed on motorists and their right to assert contributory negligence to defeat a claim brought on behalf of a child pedestrian[,]" the court declines the request. (Doc. 49, pp. 15, 16)

because "[f]rom all the evidence the driver was exercising reasonable care when Jimmy crossed the road directly in front of him. He was doing what any reasonable person would have done under the circumstances." *Lenehan*, 135 A.2d at 451.

Defendants argue that Colon did not breach any duty of ordinary care because Nikole was approximately four feet into the lane when she was struck, Colon was driving within the speed limit, and there was no safe means to evade Nikole. (Doc. 46, pp. 11, 12.)

In response, Plaintiffs distinguish both *Cocco* and *Lenehan* on their facts, arguing that in both cases "the motorists were driving at reasonable speeds and otherwise obeying traffic laws with no reason to anticipate the child would suddenly cross the motorist's path." (Doc. 49, p. 15 n.9; 18.) Here, by contrast, Colon was "aware Nikole was near his lane of traffic and had reason to anticipate that she may cross his path." (*Id.*) Further, Plaintiffs argue they have alleged "a duty on the part of Colon to exercise ordinary care in the operation of the truck-trailer when he entered the school zone and observed Nikole near his path at an intersection[;]" actions and omissions by Colon which breached said duty, and that Colon's acts and omissions were the proximate cause of Plaintiffs injury and damages. (*Id.* at 17.)

Plaintiffs have alleged sufficient facts to state a claim for negligence at this juncture.  To plead a claim for negligence, "a plaintiff must prove the existence of: (a) a duty owed by the defendant to the plaintiff, (b) a breach of that duty, and (c) injury proximately resulting from that breach."  *Barclay v. Briscoe*, 47 A.3d 560, 574 (Md. 2012).  Duty is defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another."  *Doe v. Pharmacia & Upjohn Co.*, 879 A.2d 1088, 1092 (Md. 2005).

As noted by Plaintiffs, both *Cocco* and *Lenehan* are distinguishable from this case.  Here, there are no allegations that Nikole darted out into the oncoming traffic such that Colon could not avoid a collision even if he had exercised due diligence.  Rather, it is alleged that Colon could see Nikole walking ahead of him on the shoulder.  (Doc. 44, ¶ 50.)  It is not alleged how long he could see her, but it is alleged that Colon saw Nikole "looking across his path in the direction of West Frederick Street." (*Id.* ¶ 52.)  It is also alleged that Colon drove past three florescent green or yellow school zone warning signs as well as elementary and high school buildings and residential communities.  (*Id.* ¶¶ 46–49.)  The facts, as pleaded, are sufficient to state a claim for negligence.  It is not apparent from the second amended complaint that Nikole darted out into the street such that Colon could not avoid colliding with her.  As alleged by Plaintiffs, Colon was not driving at a reasonable speed under the circumstances, nor following applicable laws, such

13

as § 21-504 or the school zone warning signs.  Further, it is sufficiently alleged that Nikole's injuries were proximately caused by Colon's negligent acts, as outlined by Plaintiff.  Therefore, at this stage, Plaintiffs have sufficiently pleaded their negligence claim.  Accordingly, the motion to dismiss will be denied.

## CONCLUSION

The motion to dismiss is denied.  An order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: May 12, 2025